The PEOPLE of the State of
Colorado, Complainant,

v.

Forest E. CLARK, Jr.
Attorney-Respondent.

No. 82SA598.

Supreme Court of Colorado,
En Banc.

Jan. 30, 1984.

James P. Hollaway, Committee Counsel, Linda Donnelly, Disciplinary Prosecutor, Supreme Court Grievance Committee, Denver, for complainant.

Robert D. Gower, Denver, for attorney-respondent.

LOHR, Justice, administered the public censure.

Forest E. Clark, Jr., you appear before the Colorado Supreme Court to receive a public censure based upon your professional misconduct. You were admitted to the bar in 1958, are registered as an attorney, and are subject to the jurisdiction of this court and of its Grievance Committee with respect to your conduct as an attorney.

Proceedings were conducted before a hearing committee of the Grievance Committee based upon a formal complaint filed by the disciplinary prosecutor. An evidentiary hearing was held before the hearing committee, and that committee thereafter issued detailed findings, conclusions and recommendations. We now summarize the pertinent findings and conclusions of the hearing committee, supplementing them with uncontradicted facts contained in the record.

In 1966 you undertook to perform legal services in connection with three related estates. The estate proceedings arose from the death of Arnold H. Kautz and his wife, Donna L. Kautz, in an airplane accident, and the resulting need to open a guardianship estate for their seven-year-old son and sole heir, Arnold Michael Kautz. The child's grandfather, Arnold L. Kautz, who had no prior experience in estate administration, acted as administrator of each decedent's estate and as guardian for the estate of the minor child. The estates were opened on March 2, 1966. The estate of Arnold H. Kautz was closed four and one-half years later on December 31, 1970, and the Donna L. Kautz estate was closed July 30, 1973, more than seven years after it was opened. The minor's estate was closed on January 4, 1977, after the young man's eighteenth birthday on September 18, 1976. Expert testimony established that the decedents' estates were not complex and should have been closed in 1967. The delay resulted in injury in the amount of $410 to the decedents' estates by reason of fiduciary

bond premiums incurred during the periods of unnecessary delay.

The hearing committee also found that $124.36 in inheritance tax and interest was paid for the Arnold H. Kautz estate, but that had the inheritance tax return been competently prepared, it would have reflected that the estate owed no taxes. The estate of Donna L. Kautz paid $165.70 in inheritance tax and interest in excess of the true tax liability. Both these excess payments resulted from failure to claim a deduction for an obligation secured by a lien on property owned jointly by the decedents. Furthermore, you filed an income tax return on behalf of the guardianship estate even though such an estate was not a taxable entity. The evidence was insufficient to establish whether this caused injury to the minor.

The hearing committee also found inexcusable delay in the filing of inventories, intermediate reports and final reports in all three of the estates; neglect and delay on two occasions in payment of a dental bill for the minor's orthodontic treatment; and delay and neglect in final distribution to the minor notwithstanding a specific request by the boy's custodians approximately two months in advance of his birthday that distribution be accomplished on or soon after that day.[1]

The hearing committee found that your conduct with respect to the three estates violated DR 6–101(A)(3) (neglect) in handling and closing the estates, and C.R.C.P. 241 B(5) (gross negligence)[2] and DR 6–101(A)(1–3) (failure to act competently) in preparing and filing the inheritance tax returns. It recommended that you receive a private censure, make restitution for the benefit of the decedents' son in the amount of $700.06, and pay the costs of the disciplinary proceedings. The hearing panel agreed with the hearing committee's recommendations as to restitution and costs, but recommended that you receive a public censure in order to give "proper weight" to the fact that you had received four prior letters of admonition and because "a private censure would not be consistent with the disciplinary measures imposed in other similar cases against other lawyers."

You filed exceptions to the hearing panel's report. While not excepting to the restitution and payment of costs requirements, you challenged the public censure recommendation as unsupported by the findings, conclusions and recommendations of the hearing committee. Among other things, you stated that the hearing committee failed to note that the letters of admonition were issued a number of years ago, that the facts upon which the present proceedings are based also took place many years in the past, that the hearing committee observation that prior disciplinary actions had not changed your mode of practice or enhanced your respect for the Denver Probate Court rules is not supported by the evidence, and that the evidence does not support the hearing committee finding of delay in closing the minor's estate or the finding that the filing of an income tax return in the estate of the minor was inappropriate. You also challenged the severity of the recommended discipline and the alleged lack of opportunity to address or explain any of the circumstances surrounding the prior discipline. The disciplinary prosecutor also excepted to the disciplinary recommendation, contending that it is too lenient in light of your past record and the neglect and delay that is the subject of this disciplinary proceeding.

We have reviewed the record in this matter and conclude that the findings of the hearing committee, including those specifically challenged by you, are fully supported by the evidence. The record contains nothing to explain the inordinate delay in closing the decedents' estates other than your apparent conclusion that no harm would come from delays so long as the decedents' estates were closed before

---

1. The final report in the minor's estate was not filed until November 9, 1976, several weeks after the young man's eighteenth birthday, on September 18, 1976.

2. C.R.C.P. 241 B, in effect when the events relevant to this proceeding took place, can be found in Vol. 7A, C.R.S.1973. It has since been repealed and reenacted; the new rule is to be found in Vol. 7A, C.R.S.1973 (1982 Supp.).

the minor became of age. The bond premiums paid for the period of delay establish the error of that conclusion. Furthermore, the record shows that during the course of the administration it was necessary for the probate court to issue contempt citations on two occasions to cause you to file the required intermediate reports, and that a number of your filings were many months in arrears. During the course of the hearing you showed little perception of your obligation to the probate court to adhere to the estate administration filing schedules established by the statutes and rules, dismissed the issuance of contempt citations as "not unusual" procedures, and generally denied that the delays that precipitated the citations involved any misconduct on your part.[3]

You received letters of admonition in 1973, 1975 (two), and 1978 based upon investigation of informal complaints filed against you. Three of these letters, including the last one, were based upon your neglect and delay in performing professional obligations for clients. Although you have complained of lack of opportunity to explain the circumstances surrounding these disciplinary incidents, you have offered no explanation in your briefs, and you did not avail yourself of the opportunity to take any of these matters to formal hearing even though each of the letters of admonition advised you that you had a right to such a hearing.

Weighed against these aggravating factors is the unfortunate length of time that has transpired between the events that are the subject of this proceeding and the conclusion of this disciplinary matter. *See People ex rel. Colorado Bar Ass'n v. Robinson,* 32 Colo. 241, 75 P. 922 (1904). The hearing committee found, however, that you were not prejudiced by the delay and that it was attributable in part to a continuance that you requested. We hold that, taking into account all relevant circumstances, public censure is the appropriate discipline for the violations of your profes-

sional responsibilities with respect to administration of the three Kautz estates.

Therefore, Forest E. Clark, Jr., we publicly censure you for your misconduct described in this opinion. This public censure shall remain on file with this court and may be considered by us in the event you should commit further violations of the Code of Professional Responsibility.

You are directed to pay $700.06 in restitution and $2,993.24 in costs to the Supreme Court Grievance Committee, 190 East 9th Avenue, Suite 440, Denver, Colorado, 80203, on or before June 30, 1984.

KIRSHBAUM, J., does not participate.

---

**3.** We see little value under the circumstances of this case in determining whether particular instances of unprofessional conduct are properly to be classified as incompetence, neglect, or gross negligence. *See* C.R.C.P. 241 B(5) and DR 6–101. The briefs devote much attention to these distinctions.